IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNDAL D. RITTERBUSH, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN TURLEY et al., <br><br> Defendants. | **ORDER & MEMORANDUM DECISION** <br><br><br> Case No. 2:17-CV-845-JNP <br><br> District Judge Jill N. Parrish |

Plaintiff, inmate Lyndal D. Ritterbush, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2018), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens his Complaint, *id.* § 1915A, and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### A. Deficiencies in Complaint

Complaint:

(a) possibly asserts claims regarding the constitutional validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(b) asserts claims that are possibly invalidated by the rule in *Heck* (see below).

(c) fails to state a constitutional claim regarding parole which is not a federal right (see below).

(d) appears to inappropriately allege civil-rights violations (e.g., against Turley and Bigelow) on a respondeat-superior theory.

(e) asserts conspiracy claims that are too vague (see below).

(f) raises issues of classification change (decrease in privilege level) in a way that does not support a cause of action.

(g) inappropriately asserts denial of programming, which is not a constitutional right.

(h) asserts claims that are past the statute of limitations for a civil-rights case (see below).

(i) inappropriately asserts a retaliation claim (see below).

(j) appears not to have been prepared with help from the prison's contract attorneys.

## B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the Court may not "assume the role of advocate for a pro se litigant." *Id.* Thus, the Court will not "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, a grievance denial alone with no "connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

• ***Heck***

The Court concludes that Plaintiff's claims appear to include some allegations that if true may invalidate his sentence's execution. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for

habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants breached his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

- **Right to Parole**

Plaintiff's arguments about lack of due process or fairness in parole procedures involve BOP's faulty consideration of information in determining whether to grant him parole. This does not state the violation of a federal constitutional right. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge procedures used to deny him

parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim regarding this issue.

### • Conspiracy

As to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this standard in his current complaint; his vague statements that multiple people were involved in breaching his civil rights, and, therefore, a conspiracy must be afoot, are not enough. He must assert more detail to pursue this claim further.

### • Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted. Some of the circumstances underlying these claims appear to have occurred more than four years before this case was filed.

### • Retaliation

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3)

Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

In other words, a retaliation cause of action does not appear to apply to this situation in which Plaintiff's activity was to escape from prison--obviously not "constitutionally protected activity."

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file another amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for an order to show cause requesting the State of Utah to respond to the Complaint is **DENIED** as premature. (Doc. No. 2.) There is currently no valid complaint on file.

DATED January 28, 2019.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court