IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNDAL D. RITTERBUSH, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN TURLEY, <br><br> Defendant. | **MEMORANDUM DECISION & ORDER ON DEFICIENT AMENDED COMPLAINT** <br><br> Case No. 2:17-CV-845-JNP <br><br> District Judge Jill N. Parrish |

Plaintiff, inmate Lyndal D. Ritterbush, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019), *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Amended Complaint under its statutory review function,[1] the Court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

### A. Deficiencies in Amended Complaint

Amended Complaint:

(a) names just one defendant--Steven Turley--who has not been affirmatively linked to any alleged constitutional violation.

(b) appears to inappropriately allege civil-rights violations on a respondeat-superior theory.

---

[1] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

(c) does not state what relief is requested.

(d) possibly asserts claim on the constitutional validity of his imprisonment, which should be brought in a habeas-corpus petition, not civil-rights complaint.

(e) raises issue of classification (e.g., six-and-one-half years in "maximum security lock-up") in a way that does not support a cause of action (see below).

(f) asserts claim possibly invalidated by the rule in *Heck* (see below).

(g) fails to state a constitutional claim regarding parole which is not a federal right (see below).

(h) is not on the form required by the Court.

(i) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

## B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from observing these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the Court may not "assume the role of advocate for a pro se litigant." *Id.* Thus, the

Court will not "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, a grievance denial alone with no "connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

• ***Heck***

The Court concludes that Plaintiff's claims may include some allegations that if true may invalidate his sentence's execution. "In *Heck*, the Supreme Court explained that a § 1983 action

3

that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that his constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

### • Right to Parole

Plaintiff's arguments about lack of due process or fairness in his sentence's execution do not state a constitutional violation. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)--here, a term of five

4

years to life, *Ritterbush v. Benzon*, No. 2:17-CV-913-RJS, Doc. No. 21-1, at 2 (D. Utah Nov. 13, 2018). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim here.

- **"Maximum Security Lock-Up"**

An inmate's time spent under a specific classification--e.g., "maximum security lock-up"--does not necessarily mean that prison administrators were deliberately indifferent to conditions with a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Nor is it, per se, "'atypical [of] ... the ordinary incidents of prison life.'" *See Adams v. Negron,* No. 03-1110, 94 Fed. Appx. 676, 2004 U.S. App. LEXIS 3558, at *4 (10th Cir. Feb. 25, 2004) (quoting *Sandin, v. Conner,* 515 U.S. 472, 484 (1995) (unpublished) (holding placement in highly structured, restrictive unit not deliberate indifference). Rather, time spent in "maximum security lock-up" is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Plaintiff's vague assertions here do not state a claim upon which relief may be granted.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above. This is the second and FINAL order allowing Plaintiff to cure deficiencies in his complaint. If a second amended complaint is filed, the Court will screen it for dismissal or service.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file another amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED April 30, 2019.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court